IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Donna Braun o/b/o,<br>Leisa Braun, Deceased,<br><br>       Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commission of<br>Social Security<br><br>       Defendant. | Civil Action No.: 5:14-65-BHH<br><br><br>**ORDER** |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. 636(b)(1)(B) and Local Civil Rules 73.02(B)(2)(a) and 83.VII.02 for the District of South Carolina.  The plaintiff Leisa Braun[1] ("the plaintiff"), who filed an application for benefits as a disabled adult child ("DAC") pursuant to Title II of the Social Security Act, brought this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim benefits.

Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security filed a motion (ECF No. 12) pursuant to sentence four of  42 U.S.C. § 405(g) for this Court to enter judgment with an order of reversal with remand of the cause to the Commissioner for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).  Plaintiff filed a response in opposition (ECF No. 14) and the Commissioner filed a reply (ECF No. 15).

On December 19, 2014, the Magistrate Judge issued a Report and Recommendation in which she recommended that the Commissioner's motion to remand (ECF No. 12) be granted, and this matter be remanded to the Commissioner.  On January

---

[1] Leisa Braun died after filing the application under review.  Her mother, Donna Bruan, was appropriately substituted and represents Leisa Braun's interests and seeks payments to which Leisa Braun might have been entitled.

27, 2015, the plaintiff filed objections (ECF No. 24) and the Commissioner filed a reply. (ECF No. 27.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## **DISCUSSION**

The plaintiff has recycled the same plea, on objection, made in response to the defendant's motion to remand and already considered by the magistrate judge. She is adamant that this matter must be remanded, if at all, pursuant to the sixth sentence of 42 U.S.C. § 405(g) and not the fourth. The magistrate judge and the parties have thoroughly explained the difference.

But, the argument cannot be deflected more expertly than the magistrate judge has already done. (R. at 5.) The plaintiff wants to pit the defendant, and by extension the Court, in a kind of Hobson's choice[2] of remand. She insists that because the remand is for new evidence it must be made exclusively pursuant to sentence six but because there is no good cause justification for the defendant's failure to produce the new documentation,

---

[2] A choice between something or nothing. Or, maybe it is simple dilemma or the more treacherous Morton's Fork.

2

which it has possessed for 18 years, no such sentence six remand may lie, *see* 42 U.S.C. § 405(g). But, what the plaintiff mostly sidesteps throughout, that the magistrate judge persuasively identified, is the plaintiff's own contribution to the conundrum. It is undisputed that it is her substantive argument on appeal, which has implicated the defendant's alleged need to resort to such evidence and consideration. The defendant did not raise, in the affirmative, reliance on such new evidence. That is why the defendant did not raise any "new evidence" consideration prior to answering, as the statute requires. *See* 42 U.S.C. § 405(g). The plaintiff unnecessarily apologizes for not having previously raised the matter, which is not the intent of the Court's observation, but then argues various reasons why the defendant is still accountable. The undersigned does not mean to finger point. The intent is not to blame but rather to ascribe a kind of procedural chronology that helps potentially clarify the unusual tension between application of sentence four and sentence six. The Court has not seen any authority that addresses the matter squarely. And, over the objection of the plaintiff that it cannot, the Court would also generally agree that the unexpected need on appeal for the documentation might also constitute a kind of "good cause" for a sentence six remand, as the magistrate judge concluded. But, that is a view expressed only in the alternative.

To plagiarize the magistrate judge, the plaintiff raises a legal issue on appeal that hinges solely on whether the Commissioner should have construed the plaintiff's 1992 SSI application as a constructive disabled adult child ("DAC") application. (Pl.'s Resp. at 7 (noting she seeks the court's ruling only on the legal issue regarding the "proper filing date of her now-awarded DAC claim").) So on appeal, the plaintiff has argued legal error based only on one document—the letter. She makes much of the fact that the letter includes no reference to "Plaintiff's ever having filed a claim for DAC benefits [with the September 1992 SSI application] or any other documentary evidence to indicate that the ALJ or any other

adjudicator ever ruled on any DAC claim." (Pl.'s Resp. at 3.) This sounds in sentence four. The plaintiff's arguments have invited a kind of "substantive ruling" from this Court with regards to whether benefits were calculated for a proper period of time. *See Pettyjohn v. Shalala*, 23 F.3d 1572 (10th Cir. 1994). That is the substantive merits of, and the entire, appeal. The fact that the defendant requires review of other documentation to resolve the matter does not convert it. The oversight in not considering such evidence in the first instance is a kind of alleged legal error comparable to accusing the ALJ of failing to call a vocational expert when required. The underlying remand is to address the plaintiff's alleged legal error in the administrative determination.

Importantly, the magistrate judge expressly noted that nothing in the record indicates that the plaintiff requested that the Commissioner consider this argument that the DAC award should be found to have been effectively filed in 1992, rather than in 2010 when it was actually filed. In other words, until the appeal, the defendant was not on notice of the relevance of the "new evidence" such that sentence six remand strictures could have been met. The plaintiff vociferously disagrees but the undersigned is of the opinion that this view is mostly right.

The Court would echo the concerns of the magistrate judge that such a determination regarding remand may negatively impact the award already made to the plaintiff. Hopefully, process and equity will prevail. The Court believes it is required to so conclude.

## **CONCLUSION**

The Court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The Court adopts the Report and Recommendation and incorporates it herein by reference. The decision of the Commissioner to deny benefits is **reversed** and the action is **remanded** for further administrative action consistent with this order and the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Bruce Howe Hendricks
United States District Judge

March 4, 2015
Greenville, South Carolina